# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                               Case No. 04-20059-01-cr-KHV

ANTHONY DERFO HARRIS,

       Defendant.

## O R D E R

Pending before the Court is Defendant Anthony Derfo Harris' Motion to Reconsider Order of Revocation of Bond, or in the Alternative, Motion for Clarification of Ruling on Revocation of Bond (doc. 82). For the reasons stated below, Defendant's Motion is granted in part and denied in part.

### Relevant Background

On September 10, 2004, Defendant Harris was placed under pretrial release supervision by the Honorable James P. O'Hara under the following conditions:

1. Defendant shall not commit an offense in violation of federal, state or local law while on release;

2. Defendant shall immediately notify the court, defense counsel and the United States Attorney in writing before any change of address or telephone number;

3. Defendant shall appear at all proceedings and shall surrender for service of any sentence;

7(a) Defendant shall report to the supervision officer as directed;

7(e) Defendant shall maintain or actively seek employment;

7(i) Defendant shall abide by the travel restrictions imposed;

7(j) Defendant shall avoid contact with co-defendants in the case;

7(n)  Defendant shall refrain from possession of any firearms or dangerous weapons;

7(p)  Defendant shall refrain from unlawful possession f narcotic drug;

7(q)  Defendant shall submit to drug testing as required by pretrial services.

7(s)  Defendant shall refrain from obstructing or tampering with the accuracy of any prohibited substances testing

7(u)  Defendant shall report any contact with LEO;

7(v)  Defendant shall resolve any outstanding warrants..

On April 18, 2005, a Petition for Action on Conditions of Pretrial Release (doc. 73) was filed by the Pretrial Services Officer alleging that Defendant Harris had violated conditions of his release. More specifically, the Pretrial Services Officer submitted the following facts (as summarized by the Court) in support of his Petition:

> Anthony Harris was scheduled to report to the United States Probation and Pretrial Services office on April 18, 2005 for a routine office contact. The Pretrial Services Officer was notified by the Lawrence Police Department that, pursuant to a search warrant, Lawrence police officers intended to search a car – now parked outside the courthouse – that had been driven by Anthony Harris and a female companion to Mr. Harris' appointment. In the vehicle, police ultimately discovered a set of scales used for measuring drug quantities, a quantity of marijuana, and approximately 7 grams of cocaine base (crack). In addition, approximately $690 in case was found in the vehicle.

On April 21, 2005, the undersigned Magistrate Judge held a hearing on the Petition for Action on Conditions of Pretrial Release. Upon conclusion of the hearing, the Court found probable cause to believe that Defendant violated conditions of his pretrial release and thereafter revoked Defendant's bond and ordered Defendant detained pending further hearing.

Defendant now moves the Court to reconsider its decision to revoke Defendant's bond or, in the alternative, moves for clarification of its previous ruling in ordering bond revocation and detention. In

support of this request, Defendant maintains it is unclear from the Minute Sheet whether the Court based its revocation decision on (1) a finding of probable cause to believe the Defendant violated a Federal, State, or local crime while on release or (2) a finding of probable cause to believe that Defendant violated any other condition of release.  If the Court based its decision to revoke on the latter ground – probable cause to believe that Defendant violated any other conditions of release – Defendant argues such grounds are not a sufficient basis for revocation of Defendant's bond because the applicable statute[1] requires the Court to find not merely probable cause, but clear and convincing evidence of such a violation.

Upon consideration of the requests made by Defendant, the Court hereby clarifies the April 21, 2005 ruling as follows:

Based on the evidence presented at the April 21, 2005 hearing, the undersigned Magistrate Judge found probable cause to believe that Defendant had violated a federal statute ( i.e., possession of crack) while on release and that there were no conditions or combinations of conditions that could assure Defendant would not pose a danger to the community.

Accordingly, the Court hereby grants that portion of Defendant's Motion (doc. 82) requesting clarification of the Court's ruling on the issue of bond revocation and, given the clarification provided in the paragraph immediately preceding, denies that portion of Defendant's Motion (doc. 82) requesting reconsideration.

IT IS SO ORDERED.

---

[1] 18 U.S.C. § 3148.

3

Dated in Kansas City, Kansas on this 20th day of May, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties